IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

| | |
|---|---|
| DENNIS LYNN FULCHER, # 647715 § | |
| § | |
| v. § | CIVIL ACTION NO. G-06-547 |
| § | |
| NATHANIEL QUARTERMAN § | |
| DIRECTOR, TDCJ-CID § | |

**REPORT AND RECOMMENDATION**

Before the Court is the Petition for a Writ of Habeas Corpus of Dennis Lynn Fulcher, a prisoner in the Texas Department of Criminal Justice - Correctional Institutions Division ("TDCJ-CID") (Instrument No. 1). Respondent filed a Motion for Summary Judgment seeking the dismissal of Petitioner's writ because it is time barred (Instrument No. 14). Petitioner filed an Response. (Instrument No. 19). Having carefully considered the Petition, the parties' motions and briefs, and the state court records, the Court submits its Report and Recommendation to the District Court.

The Court has jurisdiction over the parties and subject matter pursuant to 28 U.S.C. §§ 2241 and 2254. The State has custody of Petitioner pursuant to a judgment and sentence entered by the 10th District Court of Galveston County, Texas in Cause No. 92-CR-0128, on July 8, 1993. Petitioner was charged with aggravated sexual assault of a child with a prior felony conviction alleged for purposes of enhancement. Clerk's Records ("C.R.") at 2-3. After hearing all the evidence a jury found Petitioner guilty as charged. C.R. at 110. After finding the enhancement allegation to be true, Petitioner was sentenced to life imprisonment. C.R. at 113; 114-115. Petitioner filed a Motion for New Trial, which was denied. C.R. at 121-124. Petitioner appealed his conviction. C.R. at 125-127.

The Fourteenth Court of Appeals affirmed his conviction on March 23, 1995. *Fulcher v. State*, No. No. A14-93-00964-CR (Tex.App.–Houston [14th Dist.] March 23, 1995).

On August 12, 2002, Petitioner filed an application for a state writ of habeas corpus seeking, in part, the right to file an out-of-time Petition for Discretionary Review ("PDR"). *Ex parte Fulcher*, WR-54,477-01. On April 23, 2003, the Texas Court of Criminal Appeals ("TCCA") granted Petitioner the right to file an out-of-time PDR. *Ex parte Fulcher*, Order No. 74,641. The TCCA allowed Petitioner 30 days from the date its Mandate was issued to file his PDR. *Id*. at 2. The TCCA issued its Mandate on May 19, 2003. Petitioner, having been granted an extension of time, filed his PDR on August 18, 2003, along with a Motion for Leave to File [a PDR] in Excess of the Required Number of Pages." On August 8, 2003, the TCCA denied Petitioner's motion to exceed the page limit. Thereafter, on January 21, 2004, the TCCA struck Petitioner's PDR for failure to comply with procedural rules, and issued its final disposition on March 4, 2004. *Fulcher v. State*, P.D.R. No. 790-03.

On November 16, 2004, Petitioner filed his second state writ of habeas corpus pursuant to Article 11.07 of the Texas Code of Criminal Procedure, which was later denied by the Texas Court of Criminal Appeals on September 14, 2005. *Ex parte Fulcher*, WR-54,477-02.

Petitioner filed the instant writ on August 1, 2006.[1]  In his federal habeas corpus application, Petitioner alleges he is entitled to relief based on the following grounds: (1) the jury charge was defective;  (2) he received ineffective assistance of counsel at trial and on appeal; (3) trial counsel acted under a conflict of interest; (4) the state habeas proceedings were defective; and (5) he was deprived of an opportunity to cure his defective PDR. (Fed. Writ. Pet. at 7-8). In his Motion for

---

[1] This is the date that Petitioner declares he placed the writ in the prison mailing system. Pet'r Writ. at 9. *See Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998) (mailbox rule applies to federal writ petitions).

Summary Judgment Respondent maintains, Petitioner's claims are time barred under the AEDPA and that equitable tolling is not warranted. (Resp's Motion at 2). Petitioner filed an Opposition to Respondent's Motion for Summary Judgment and, while not expressly refuting the charge that his claims are time barred or asserting a claim of equitable tolling, he urges the Court to deny Respondent's Motion because he claims that there are material facts in dispute concerning the five grounds of error he has alleged.

    A.  *<u>Statutory Limitations Period</u>*

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a one-year limitation period for state prisoners filing federal habeas corpus petitions. 28 U.S.C.A. § 2244(d)(1); *see also Fisher v. Johnson*, 174 F.3d 710, 711 (5th Cir. 1999) (recognizing the AEDPA explicit limitation period for state prisoners filing federal habeas petitions).

Petitioner's first three challenges in the instant case are based on his state court conviction, which normally means that the statutory period for federal habeas corpus review began to run at "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Petitioner's conviction was affirmed on direct appeal on March 23, 1995. The time to file a PDR with the TCCA expired thirty days later on April 24, 1995. *See* Tex.R.App.P. 68.2(a). Because Petitioner did not promptly file a PDR within the time allowed, his judgment became final on April 24, 1995. However, since Petitioner's judgment became final before the enactment of the AEDPA on April 24, 1996, the law is clear that he had one year after the effective date of the AEDPA in which to file a federal writ of habeas corpus. *Flanagan v. Johnson*, 154 F.3d 196, 200 (5th Cir. 1998). Accordingly, Petitioner had until April 24, 1997, to file his federal writ. *See id*. at 201. Petitioner's instant writ was not filed until August 1, 2006.

Notwithstanding this fact, the Court is aware that Petitioner may attempt to argue that his conviction did not become final until a much later date because he received leave from the TCCA to file an out-of-time PDR. The record shows that Petitioner filed a state habeas corpus application on August 12, 2002, complaining that he was given the opportunity to file a PDR because he received ineffective assistance of counsel on appeal. The TCCA granted Petitioner's application on this point on April 23, 2003, and Petitioner was given, after being granted an extension to time, up to and including August 18, 2003, to file a PDR. Petitioner filed a PDR, but not in compliance with the procedural rules of the TCCA. On January 21, 2004, the TCCA struck Petitioner's PDR for failure to comply with its procedural rules, and issued its final disposition on March 4, 2004. Therefore, even to the extent that Petitioner were to argue that the statutory limitations period runs from the extended date, this argument would fail as the Fifth Circuit has squarely rejected this precise argument by holding that an out-of-time PDR does not restart the limitations period. *Salinas v. Dretke*, 354 F.3d 425, 430 (5th Cir.), *cert. denied*, 541 U.S. 1032 (2004). Therefore, Petitioner's PDR is time barred unless an exception applies. *See* 28 U.S.C. § 2244(d)(1) - (2).

However, having reviewed statutory exceptions, the Court finds that none apply. In particular, Petitioner has not alleged that he was subject to state action that impeded him from filing his petition in a timely manner. *See* 28 U.S.C. § 2244(d)(1)(B). Further, there is no showing of a newly recognized constitutional right upon which the Petition is based. *See id*.

The AEDPA also provides that the one year limitation period may also begin to run from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C.A. §2244(d)(1)(D). However, even to the extent that Petitioner were to argue that the limitations period did not begin until his discovery that a PDR had not been filed, his federal writ would still be time barred because August 12, 2002, the date he filed his

state habeas writ raising this issue, was the latest date that he could claim to have discovered the existence of this evidence, yet his federal writ was not filed until almost four years later on August 1, 2006.

Finally, 28 U.S.C. § 2244(d)(2) provides that the "time during which a properly filed application for State post-conviction or other collateral review...is pending shall not count toward any period of limitations." As noted, Petitioner filed his first state habeas corpus application on August 12, 2002, well after the expiration of the limitations period. 28 U.S.C. § 2244(d)(2). Since Petitioner's state habeas corpus application was filed after the prescriptive period had expired, it does not toll the limitations period.[2]

### B. *Equitable Tolling*

Petitioner does not expressly invoke the doctrine of equitable tolling in either his federal habeas corpus application or in his Opposition to Respondent's Motion for Summary Judgment. Nevertheless, the statutory period for federal habeas corpus review may be equitably tolled at the district court's discretion where "exceptional circumstances" are present. *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999).

Equitable tolling, however, is an extraordinary remedy that is only sparingly applied. The Supreme Court has explained that a habeas corpus petitioner seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way. *See Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). "A garden variety claim of excusable neglect does not support equitable tolling." *Coleman*, 184 F.3d

---

[2] The Court observes that, even if it were to assume that Petitioner did not discover the factual predicate for his claims until August 12, 2002, and then was to further consider that Petitioner's state habeas corpus writs tolled the limitations period, the instant Petition would still be time barred.

5

at 402. In that respect, the doctrine of equitable tolling "applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Melancon v. Kaylo*, 259 F.3d 401, 408 (5th Cir. 2001) (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir. 1996).

Here, to the extent that Petitioner blames his attorney for failing to file a PDR on his behalf or to inform him of his right to file one *pro se*, the Fifth Circuit has repeatedly held that attorney error of this type is not considered a rare and exceptional circumstance which warrants equitable tolling. *See Salinas*, 354 F.3d at 431-32; *Cousin v. Lensing*, 310 F.3d 843, 846-48 (5th Cir. 2002); *Molo v. Johnson*, 207 F.3d 773, 775-76 (5th Cir. 2000).

Even if the Court were to grant some equitable tolling until the TCCA struck his PDR, it is undisputed that Petitioner waited over eight months[3] to file his second state habeas corpus application on November 16, 2004, and then, after that state writ was denied by the TCCA on September 14, 2005, Petitioner waited another almost eleven months to file his federal habeas corpus application. This record demonstrates delay on Petitioner's part, and his failure to diligently pursue federal habeas relief. Although Petitioner proceeds *pro se*, his incarceration and ignorance of the law do not otherwise excuse his failure to file a timely petition and are not grounds for equitable tolling. *See Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999); *See also Cousin*, 310 F.3d at 849 (noting that a petitioner's ignorance or mistake is insufficient to warrant equitable tolling); *Barrow v. New Orleans S.S. Ass'n*, 932 F.2d 473, 478 (5th Cir. 1991) (finding that "lack of knowledge of the filing deadlines," "lack of representation," "unfamiliarity with the legal process," illiteracy, and "ignorance of legal rights" generally do not justify equitable tolling). Accordingly, upon these facts, equitable tolling will not

---

[3] The TCCA struck Petitioner's PDR on January 21, 2004, and issued its final disposition on March 4, 2004.

save Petitioner's late-filed claim.  The Court concludes that Petitioner's federal writ is time barred by the one-year limitations period.

The Court, therefore, **RECOMMENDS** the Petition be **DENIED** as time barred.

### C. *Petitioner's Other Claims*

Petitioner raises two claims in his federal habeas corpus application that do not arise out of his conviction.  In particular, Petitioner alleges that the state habeas proceedings were defective. Petitioner, however, is not entitled to federal habeas relief on this claim.  The Fifth Circuit has long recognized that "[a]n attack on the state habeas proceeding is an attack on a proceeding collateral to the detention and not the detention itself." *Rudd v. Johnson*, 256 F.3d 317, 310 (5th Cir. 2001); *see also Nichols v. Scott*, 69 F.3d 1255, 1275 (5th Cir. 1995). Accordingly, this Circuit has repeatedly held that a challenge to a state's habeas corpus proceedings is not a proper ground for relief in a federal habeas corpus case.  *Hallmark v. Johnson,* 118 F.3d 1073, 1080 (5th Cir. 1997) ("[i]nsofar as [the petitioner] raises a due process challenge to the state habeas proceeding, his claim fails because infirmities in state habeas corpus proceedings do not constitute grounds for relief in federal court."); *see also Trevino v. Johnson*, 168 F.3d 173, 180 (5th Cir. 1999) (alleged errors in state court habeas proceeding do not provide a basis for federal habeas relief).

Petitioner also alleges that he was deprived of the opportunity to cure his defective PDR. However, as Respondent points out, any alleged defect in the state's discretionary proceeding, is also not a cognizable claim.  *See Molo v. Johnson*, 207 F.3d at 776 n. 9 (explaining federal review did not extend to state court determinations of procedural matters).  Even to the extent it was, however, it too would be time barred.

Accordingly, this Court **RECOMMENDS** the Petition be **DENIED** on these points.

7

## CONCLUSION

For all the reasons stated herein, the Court **RECOMMENDS** that Respondent's Motion for Summary Judgment (Instrument No. 14) be **GRANTED**; and the Petition for a Writ of Habeas Corpus of Dennis Lynn Fulcher (Instrument No. 1) be **DISMISSED** as time-barred.

The Clerk **SHALL** send copies of this Report and Recommendation to the Parties. The Parties **SHALL** have until **April 27, 2007,** to have written objections, filed pursuant to 28 U.S.C. § 636(b)(1)(C), **physically on file** in the Office of the Clerk. The Objections **SHALL** be electronically filed and/or mailed to the Clerk's Office at P.O. Drawer 2300, Galveston, Texas 77553. **Any Objections filed SHALL be contained in a written document specifically entitled "Objections to the Report and Recommendation of the Magistrate Judge"**, which will then be forwarded to the District Judge for consideration. Failure to file written objections within the prescribed time **SHALL** bar the aggrieved party from attacking on appeal the factual findings and legal conclusions accepted by the District Judge, except upon grounds of plain error.

**DONE** at Galveston, Texas this _____9th_____ day of April, 2007.

John R. Froeschner
United States Magistrate Judge